UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| | : Case No. 3:12-cr-107 (VLB) |
| v. | : |
| | : January 20, 2013 |
| JAMEEL WILKES | : |
| | : |

### RULING DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is the defendant, Jameel Wilkes' September 28, 2012 Motion to Suppress. In that motion, he argues that any post arrest statements he made should be suppressed as given without Miranda warnings after he was in police custody. [Dkt. 123]. On October 31, 2012, the Government responded and argued that the defendant's motion should be denied because 1) the defendant failed to file the required affidavit and 2) his post-arrest statement was given knowingly and voluntarily. For the following reasons, the defendant's motion is DENIED.

### No Hearing Required

Motions to Suppress are governed by Rule 12 of the Federal Rules of Criminal Procedure. The rule states that a motion to suppress must be made before trial. Fed. R.Crim. Pro. 12(b)(1)(C). Where the court resolves factual questions when ruling on a motion, the court must make specific factual findings on the record. *U. S. v. Burbage* 365 F.3d 1174 (C.A. 10th 2004) (holding that Rule 12(d) "does not require detailed findings of facts as long as the essential basis of the court's decision is apparent."). Generally, a defendant is entitled to a hearing

1

on a motion to suppress if the defendant's papers raise a sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion.  *See United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).  However, the court has the discretion to deny a hearing where the defendant's papers fail to create a dispute over a material fact, *see United States v. Caming*, 968 F.2d 232, 236 (2d Cir. 1992), or where the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, *see United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967), or where the issue involved is purely one of law.  *See United States v. Warren*, 453 F.2d 738, 742-43 (2d Cir. 1973).  Where a defendant fails to demonstrate that disputed issues of fact justify an evidentiary hearing, none is required.  *See United States v. Culotta*, 413 F.2d 1343 (2d Cir. 1969) (holding that the district judge "was not required as a matter of law to hold an evidentiary hearing if appellant's moving papers did not state sufficient facts which, if proven, would have required the granting of the relief requested by appellant.").

In this case, the defendant has failed to file the affidavit his motion states would support his argument.  D.Mem. p.2.  However, his argument in the Memorandum in Support of Motion to Suppress makes the conclusory statement "that he was not free to leave, and was in the custody of the Police.  He further claims that he was never apprised of his right to remain silent and that he was subjected to interrogation concerning his involvement with narcotics.  Id. at 3-4.  The Government concedes that the defendant was in the custody of law enforcement but responds that he was verbally advised of his *Miranda* rights.

Govt. Mem. at 32.  The Court finds that these bare factual allegations devoid of an affidavit filed under oath and penalty of perjury are insufficient to justify a hearing on his motion.

**The Motion to Suppress**

It is a long standing and fundamental principle that "a confession, in order to be admissible, must be free and voluntary." *Bram v. United States*, 168 U.S. 532, 542 (1897).  A confession is voluntary when it was not "extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." *Id*. 542-43 (finding that during the course of investigating of a homicide aboard a ship a confession has been illegally coerced and improperly admitted against the defendant at trial.  In remanding for a new trial; reminding that the conditions of arrest do not necessitate their inadmissibility).  "Voluntariness is a question of fact to be determined from all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 248-49 (1973).  Where the voluntariness of a statement is challenged, the government bears the burden of establishing by a preponderance of the evidence that the defendant's statements were "truly the product of free choice." *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986).  *See also United States v. Ramirez*, 79 F.3d 298 (2d Cir. 1996); *United States v. Anderson*, 929 F.2d 96 (2d Cir. 1991).

Assessment of whether an accused's confession was "voluntary" within the meaning of the Fifth Amendment begins with the initial question: "Is the confession the product of an essentially free and unconstrained choice by its

maker?" *Culombe v. Connecticut*, 367 U.S. 568 (1961); *Bram* at 558 ("[T]he mere fact that the confession is made to a police officer, while the accused was under arrest in or out of prison, or was drawn out by his questions, does not necessarily render the confession involuntary; but, as one of the circumstances, such imprisonment or interrogation may be taken into account in determining whether or not the statements of the prisoner were voluntary."); *United States v. Ferrara*, 377 F.2d 16, 17 (2d Cir. 1967) (quoting *Rogers v. Richmond*, 365 U.S. 534, 544, (1961)(internal quotations removed) ("[T]he test of voluntariness is whether an examination of all the circumstances discloses that the conduct of law enforcement officials was such as to overbear the defendant's will to resist and bring about confessions not freely self-determined.")).  Where statements are made during a conversation between a police officer and a defendant and the statements made by the officer are intended to trick and cajole a defendant into confessing, those statements are not "voluntary."  Although it has been held that trickery does not per se make voluntary waiver impossible, the government must still proffer evidence sufficient to show knowing and voluntary waiver by the defendant in spite of the circumstances.  *See Anderson* at 99.

     In evaluating a claim by a defendant that statements were coerced and obtained involuntarily, therefore, a court must make three factual findings to determine whether a statement was voluntarily made: 1) the characteristics of the accused; 2) the conditions of the interrogation; and 3) the conduct of law enforcement.  *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

4

The first finding addresses the characteristics of the accused. As noted above, those characteristics include the defendant's experience, background, age, education, and intelligence. *United States v. Guarno*, 819 F.2d 28 (2d Cir. 1987). The Court finds that the Government has sufficiently alleged and possesses intercepted communications evidencing that the defendant can communicate in English, that he is a mature adult able to comprehend his circumstances, that he does not suffer from a mental disability, that he did not appear to be under the influence of mind-altering substances at the time of his arrest, and that he indicated that he understood the verbally administers *Miranda* warnings. Furthermore, the instant arrest is not the defendant's first contact with law enforcement under similar circumstances. Furthermore, the Defendant the defendant has had ample time to file an affidavit or to refute the Government's assertion but has not done so. Consequently, the court finds that the characteristics of the Defendant support an ultimate finding of voluntariness.

Second, the Court must analyze the conditions of the interrogation. *Mincey v. Arizona*, 437 U.S. 398 (1978). This includes the place where the interrogation was held, the length of detention, and the presence or absence of counsel. *Bram, Schneckloth, Miranda*. In this case, Mr. Wilkes claims that he was "apprehended at his residence" but does not indicate the duration of his detention. The Government also does not indicate a duration of detention in its reply. The Court finds that defendant has not raised sufficient factual allegation about the conditions of the interrogation sufficient support a finding on involuntariness,

5

despite the fact that he was not represented by counsel at the time he made the statement.

Finally, the court must analyze the statement made within the context of the conduct of law enforcement officials. *Schneckloth, Bram, Brown v. Mississippi*, 297 U.S. 278 (1936). Specifically, the court must see if the defendant was forced to endure repeated or prolonged questioning and whether he was given information about his constitutional rights. *Edwards v. Arizona*, 451 U.S. 477 (1981) (finding a coerced confession where a supervising agent forced the defendant to choose three times between having an attorney present and cooperating). There is no evidence that Mr. Wilkes was physically mistreated, restrained for a prolonged period, or physically deprived of food, sleep, water, or sanitary facilities of other human need. Nor is there any evidence that he was psychologically induced to speak through physical abuse, force, coercion, brainwashing, threats, promises of leniency or otherwise. There was no influence imposed upon Perez which would have overcome his will. The evidence does not support a finding on involuntariness on the basis of the conditions of Mr. Wilkes' detention, despite the fact that he was not represented by counsel at the time he made the statement.

The Court finds that absent more than a general allegation that law enforcement failed to administer *Miranda* warning, the Government has asserted that Mr. Wilkes did receive a *Miranda* warning. In the absence of an affidavit to the contrary, the Defendant has failed to meet his burden of establishing a basis upon which a hearing is warranted. The Court notes that the motion was filed 4

months ago, the failure to file an affidavit has been the subject of the Government's motion in opposition and the Defendant has yet to file an affidavit which he stated would be forthcoming in his September 28, 2012 motion to suppress.  For the foregoing reasons, the motion to withdraw is DENIED.

                                      IT IS SO ORDERED.

                                  _____/s/_____
                                  Vanessa L. Bryant
                                  United States District Judge

Dated at Hartford, Connecticut: January 20, 2013.